# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 23-00085 DKW-KJM |
| CASE NAME: | USA vs. (1) Isaiah McCoy |
| ATTYS FOR PLA: | Elizabeth Anne Hutson |
| ATTYS FOR DEFT: | *Isaiah McCoy, Pro Se<br>Gary Gurmail Singh, Standby Counsel |
| USPO: | Sara Nieling |

| | | | |
|---|---|---|---|
| JUDGE: | Derrick K. Watson | REPORTER: | Gloria Bediamol |
| DATE: | 11/13/2025 | TIME: | 2:10 p.m. - 3:25 p.m. |

COURT ACTION:  EP: Sentencing to Counts 1, 2, 4, 5, 7, 9, 11, 12, 14, 15, 16, 17, 18 and 20 of the Indictment and [496] Defendant Isaiah McCoy's Motion for Order Clarifying or Directing the Transfer of Defendant's Federal Discovery Hard Drives from Federal Custody to the Custody of the State of Hawaii held.

Defendant Isaiah McCoy present, in custody.

On April 22, 2025, a jury found Defendant Isaiah McCoy guilty on 14 of the 18 counts charged in the Indictment, including: (i) Sex Trafficking of a Minor, (ii) Sex Trafficking by Force, Fraud, or Coercion, and (iii) Obstruction of Justice.

Parties have reviewed the revised Presentence Reports, which are hereby placed in the record.  Court adopts the factual findings contained in the revised Presentence Reports.

Allocution by the Defendant Isaiah McCoy.

MV1 (Momi) delivered an oral impact statement before the Court.

MV2 (Raven) delivered an oral impact statement before the Court.

There are no objections to the sentencing guidelines.  Court findings made as to the applicable sentencing guidelines.  Court notes the aggravating and mitigating factors related to Defendant Isaiah McCoy's Sentencing.

Recommendations by Counsel and Defendant as to proposed sentence heard. Court's proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence.

SENTENCE:

Imprisonment: Life as to Counts 1, 2, 4, and 5; 300 Months as to Counts 17 and 18; 120 Months as to Count 20; and 60 Months as to Counts 7, 9, 11, 12, and 14 through 16. All terms are to run concurrently with one another and concurrently with State of Hawaii Case No. 1CPC-19-1279, and consecutively with State of Delaware Case Nos. 1711013155 and J718000046.

Supervised Release: 10 Years as to Counts 1, 2, 4 and 5; 5 Years as to Counts 17, and 18; and 3 Years as to Counts 7, 9, 11, 12, 14 through 16, and 20, all terms to run concurrently.

Fine: None.

Restitution: $1,017,241.00.

Special Assessment: $1,400.00 ($100.00 per count).

Court adopts all 13 Standard Conditions of Release as recommended by Probation to be incorporated as part of Defendant's sentence. The parties stipulated on the record to waive the Court's reading of the Standard Conditions of Supervised Release.

Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter, but no more than eight valid drug tests per month during the terms of supervision. (mandatory condition)
>
> You must cooperate in the collection of DNA as directed by the probation officer (mandatory condition).
>
> You must comply with the requirements of the Sex Offender Registration and Notification Act (34 USC § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (mandatory condition)

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.  (standard condition)

You must abide by the following special conditions:

1. You must participate in a substance abuse assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the Court order specific substance abuse treatment.

2. You are prohibited from using marijuana, synthetic marijuana, any products containing tetrahydrocannabinol, or any other products derived from a marijuana plant, including for medicinal or business purposes, without the prior approval of the Court.

3. You must participate in a mental health assessment as coordinated by the probation officer. Based on the results of that assessment, the probation officer may then request that the court order specific mental health treatment.

4. You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within three business days after the change of residence to report such change.

5. You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, and intensity). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

6. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

7. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct

contact does not include incidental contact during ordinary daily activities in public places.

8. Restitution is due as follows:

| Victim | Amount |
|---|---|
| "MV 1" | $500.00 |
| "MV 2" | $311,141.00 |
| "MV 4" | $693,000.00 |
| "MV 5" | $12,600.00 |
| Total | **$1,017,241.00** |

Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived while you are serving any term of imprisonment and shall begin accruing on any remaining balance commencing 30 days after the start of supervision. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

9. You must not communicate, or otherwise interact, with MV1, V2, V4, and V5, either directly or through someone else, without first obtaining the permission of the probation officer.

10. You must not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

11. You must allow the probation officer to install computer monitoring software on any computer you use as part of the Computer and Internet Monitoring Program (CIMP). A computer is defined as any device that can access sexually explicit conduct [as defined in 18 USC § 2256(2)]. You must comply with the rules and regulations of the CIMP, pursuant to the Participant's Agreement. You must pay

the costs of the program, as directed by the probation officer. This condition shall not apply to items used at your employment site that are maintained and monitored by the employer.

12. To ensure compliance with the computer monitoring condition, you must allow a probation officer to conduct initial and periodic unannounced searches and seizures of any computers subject to computer monitoring. Failure to submit to a search may be grounds for revocation. These searches and seizures shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches and seizures pursuant to this condition. Any search and seizure will be conducted at a reasonable time and in a reasonable manner.

13. You must possess and/or use only those computers, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such items listed, that have been disclosed to and approved by the probation officer at the start of supervision. A computer is defined as any device that can access sexually explicit conduct [as defined in 18 USC § 2256(2)]. You must submit to the probation officer, upon request, any cellular or telephone/internet service provider records or receipts, to verify that you are not utilizing services that are prohibited. Any new computers, accounts, applications, passwords, or passcodes must be disclosed to and approved by the probation officer prior to the first use. Any computer that is not able to be effectively monitored will not be approved for use by the probation officer.

14. You must not go to, or be at, schoolyards, playgrounds, arcades, childcare facilities, or other places primarily used by children under the age of 18.

15. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

16. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 USC § 1030(e)(1)), other electronic communications or storage devices or media, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. You must also submit to periodic unannounced examinations of your computer and computer accessories, as well as

provide access to Internet service provider account records, as directed by the probation officer. You must warn other occupants that the premises may be subject to searches pursuant to this condition.

Defendant Isaiah McCoy advised of his right to appeal within 14 days of entry of judgment.

As to Defendant Isaiah McCoy's Motion for Order Clarifying or Directing the Transfer of Defendant's Federal Discovery Hard Drives from Federal Custody to the Custody of the State of Hawaii, Dkt. No. 496, the Court directs the Bureau of Prisons to transfer the hard drives immediately upon Defendant's transfer to state custody. Standby Counsel, Gary Singh, is directed to retain possession of the hard drives and promptly deliver them to Defendant once he is in state custody.

Mittimus forthwith.

Defendant Isaiah McCoy remanded to the custody of the USMS.

Submitted by: Tammy Kimura, Courtroom Manager